IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BENJAMIN O. MAYS, and
LORA MAYS

      Plaintiffs,

      v.

KANSAS CITY, KANSAS POLICE
DEPARTMENT, CURTIS NICHOLSON, and
K.J. CROCKITT.

      Defendants.

Case No. 17-2132-JAR-GLR

## ORDER AND ORDER TO SHOW CAUSE

      Plaintiffs Benjamin O. Mays and Lora Mays, proceeding pro se, brings suit against Defendants Kansas City, Kansas Police Department, Captain Curtis Nicholson, and K.J. Crockitt, alleging a violation of their civil rights under 42 U.S.C. § 1983.  Plaintiffs' Complaint (ECF 1) expressly lists five claims: (1) false arrest, (2) unusual police force, (3) pain and suffering, (4) police brutality, and (5) mental stress.  It also implicitly lists a sixth claim: conversion of money.  Before the Court are Plaintiffs' Motion to Proceed Without Prepayment of Fees (ECF 3) and Motion to Appoint Counsel (ECF 4).  For the following reasons, the Court grants Plaintiffs' motion to proceed without prepayment of fees and denies their Motion to Appoint Counsel.

**I.  Motion to Proceed Without Prepayment of Fees**

      Previously, the Court was unable to decide Plaintiffs' Motion to Proceed Without Prepayment of Fees because Plaintiffs' affidavit did not list a monthly amount of income. (ECF 8.)  Plaintiffs responded by filing three items: (1) a document written by Benjamin Mays, discussing the facts in, and/or adding new facts to, the Complaint (ECF 9); (2) a document

written by Lora Mays, discussing the facts similar to Benjamin's filing but also adding details clarifying some of the issues raised in the Court's April 18 Order (ECF 10); and (3) some financial documents (SEALED ECF 11). While these filings were not what the Court anticipated, they provide sufficient information for the Court to rule on their motion, as their filing includes two documents that show their amount of monthly income.[1] The first document is a 2015 Social Security Administration letter to Benjamin Mays stating he will receive $733.00 in benefits each month going forward. The second document is a May 5, 2017 letter from the Social Security Administration to Lora Mays regarding her recent request regarding the monthly amount of her benefits. That letter states she receives $1,197.70 from which they deduct medical insurance premiums, resulting in a monthly take-home income of $1,022.

Taken together, Plaintiffs have a combined monthly income of approximately $1,755. Their financial affidavit (ECF 3-1) states they are unemployed, have no dependents, and do not own real property. It further states they have no cash on hand or in any bank account(s). Plaintiffs list their monthly expenses, which total $680. Their net monthly income appears to be approximately $1075. The Court finds Plaintiffs have made a sufficient showing that they are unable to pay the required filing fees pursuant to 28 U.S.C. § 1915(a)(1). As a result, the Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the case if it fails to state a claim on which relief may be granted.

---

[1] The filing includes a third document—Lora Mays' 2015 tax return. But this is unhelpful because it describes her 2015 financial picture, not her current one. The tax records also indicate that she was previously employed, had an annual income of $27,420 (approximately $2,285 per month), and had three dependents.

**II. Screening of the Complaint pursuant to 28 U.S.C. § 1915**

Although Plaintiffs are granted leave to proceed without prepayment of the filing fee, service of process may be withheld pending review under 28 U.S.C. § 1915(e)(2)(B).[2] While such review may occur at any time and the Court is not obligated to conduct the review before service of process,[3] dismissals "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering."[4]

Because Plaintiffs proceed pro se, their pleadings are liberally construed.[5] Liberal construction, however, "does not relieve the plaintiff[s] of the burden of alleging sufficient facts on which a recognized legal claim could be based."[6]

The Court identifies two problems with Plaintiffs' claims. First, Defendant Kansas City, Kansas Police Department is immune from suit. "Under well-established Kansas law, subdivisions, agencies, or departments of governmental entities do not have the capacity to sue or be sued in the absence of a statute providing otherwise."[7] Thus, the police department is immune from suit. Pursuant to § 1915(e)(2)(B)(iii), the Court would dismiss Defendant Kansas City, Kansas Police Department from this case.

Second, Plaintiffs also named two individual defendants—Captain Curtis Nicholson, and K.J. Crockitt—both of whom are presumably Kansas City, Kansas police officers. Even when the Court construes the Complaint to include the information contained in other documents Plaintiffs have filed, they do not allege any facts relating to the personal participation of Curtis

---

[2] *See Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005) (noting that the district courts may dismiss an action without service of process through the screening process of § 1915(e)).

[3] *See Buchheit v. Green*, No. 12-4038-CM-KGS, 2012 WL 1673917, at *1 (D. Kan. May 14, 2012).

[4] *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Id.*

[7] *Brodzki v. Topeka Police Dep't*, 437 F. App'x 641, 643 (10th Cir. 2011).

Nicholson and K.J. Crockitt. An essential element of a civil rights claim against a person is that his or her direct personal participation in the acts or inactions upon which the Complaint is based.[8] Conclusory allegations of involvement are not sufficient.[9] As a result, Plaintiffs must name each defendant not only in the caption of the Complaint but again in the body of the Complaint, describing the acts taken by each defendant that violated their federal constitutional rights. The Court finds Plaintiffs have not alleged facts to detail how Nicholson and Crockitt *personally* violated their rights. Accordingly, the Court would dismiss Plaintiffs' claims against Defendants Nicholson and Crockitt pursuant to § 1915(e)(2)(B)(ii).

With respect to Captain Nicholson, Plaintiffs may have added him as a defendant in this case because they believe him to be the supervisor of the officers who allegedly violated their constitutional rights. If so, Plaintiffs showing of personal participation must be more than a statement indicating Captain Nicholson was a supervisor.[10] An official's liability may not be predicated solely upon a theory of respondeat superior.[11]

For these reasons, the Court orders Plaintiffs to show good cause, in writing, to the District Judge as to why their Complaint should not be dismissed pursuant to 28 U.S.C. §915(e)(e)(B)(ii)-(iii).

---

[8] *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006).

[9] *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

[10] *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

[11] *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994).

**III. Motion to Appoint Counsel**

Plaintiff also seeks appointment of counsel (ECF 4). In civil cases, there is generally no constitutional right to the appointment of counsel.[12] Section 1915(e)(1) allows the Court to appoint counsel, but this provision "is limited to person proceeding *in forma pauperis* and does not provide a statutory right to counsel."[13] In light of the problems identified above, the Court declines to appoint counsel at this time. In deciding whether to appoint counsel, the Court should consider the merits of the claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and present his claims.[14] Plaintiffs generally claim a violation of their civil rights by police officers. Construing several filings as a single statement of facts in the Complaint,[15] the Court concludes in this case that (1) it is unclear whether Plaintiffs have asserted a colorable claim; (2) the issues raised by her complaint are not complex; and (3) nothing suggests that they are incapable of adequately presenting facts and arguments in support of their complaint. Additionally, Plaintiffs did not attempt to find an attorney, despite the fact that by signing the motion Plaintiffs acknowledged that the Court typically requires conferring with at least five attorneys regarding legal representation. For all of these reasons, the Court denies Plaintiff's Motion to Appoint Counsel (ECF 4).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion to Proceed Without Prepayment of Fees (ECF 3) is granted.

---

[12] *Cox v. LNU*, 924 F. Supp. 2d 1269, 1279 (D. Kan. 2013).

[13] *Id.* (emphasis in original.)

[14] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[15] *See* ECF 7, 9, and 10.

**IT IS FURTHER OREDERED** that, on or before June 23, 2017, Plaintiffs shall show good cause, in writing, to the District Judge as to why their Complaint should not be dismissed pursuant to 28 U.S.C. § 1915(e)(e)(B)(ii)-(iii).

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Appoint Counsel (ECF 4) is denied without prejudice.

Dated June 1, 2017, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge